Taylor, C. J.
delivered the opinion of the Court:
The bill charges that the complainant was advised by his brother, the testator of the defendant, to invest $100 in the purchase of a slave, which he consented to do, and ac *410 cordingly paid that sum to the defendant, who made the purchase for him. That this transaction took place about the year 1783, when the defendant delivered the slave to him, acknowledging his right and admitting that the purchase was made with his money. That, about the year 1788, the complainant became surety to his brother for one Cosmo de Medici, in the sum of $100, and the principal having left the State, that sum was demanded from him as surety, with a threat from his brother, that if payment were not made, he would keep the title of the negro as security; and the complainant being unable to prove the payment by Medici, did accordingly pay the debt. That afterwards the defendant’s testator instituted an action of detinue against the complainant, to recover the negro ;—and upon the trial, produced a bill of sale in his own name, dated in 1783, but registered immediately before the commencement of the suit. This claim was met by the complainant by proving his long possession, and payment of the purchase money. Upon which the defendant set up a claim of property, on the score of a pretended agreement as to the debt of Medici; on which, the complainant was wholly surprised, and, being unprepared to repel that ground of claim, a verdict and judgment, were rendered against him.
These are the material grounds of the bill, and they certainly charge a trust in the defendant’s testator; the execution of which, it is one peculiar attribute of this Court to enforce. The property being bought with the complainant’s money, and for his use, gives him an undoubted claim to the interposition of this Court, although the bill of sale conveys the legal title to the defendant. Over cases of trust the jurisdiction of this Court can only he taken away by showing a complete execution. The delivery of the slave to the complainant cannot be considered as an execution of the trust; for the possession was consistent with it. Nor can it be collected from any other circumstances in the case that there *411 was an extinguishment of the trust. They are at best, but evidence of it; and such a fact ought to appear to the Court in as satisfactory a manner as the original creation of the trust. As therefore this cause is sent up on the case made in the bill, we are of opinion that this Court has, prima facie jurisdiction, and that the Injunction ought to be continued to the hearing.